[No. 35914. Department One. September 28, 1961.]

THE STATE OF WASHINGTON, *Plaintiff*, v. JAMES DANIEL LONG *et al.*, *Defendants and Relators*, THE SUPERIOR COURT FOR SPOKANE COUNTY, *Hugh H. Evans, Judge, Respondent.**

*Reported in 365 P. (2d) 31.

*Thomas F. Lynch*, for relators.

*John J. Lally* and *Frank H. Johnson*, for respondent.

ROSELLINI, J.—The defendants were tried and convicted on two counts of robbery and were each sentenced to serve two consecutive twenty-year terms. They obtained permission to appeal in *forma pauperis* and applied to the trial court for free copies of the statement of facts. The trial court found their thirteen assignments of error patently frivolous. In this proceeding, they seek a review by certiorari of the order denying their application.

The defendants at the time of the hearing on the motion for a free statement of facts requested that their attorney be discharged and that they be permitted to appear *pro se*. In view of the defendants' request, the attorney also desired to be discharged. However, the court, in accordance with the rule in *In re Woods v. Rhay,* 54 Wn. (2d) 36, 338 P. (2d) 332, required the attorney to continue with the case, and also granted the defendants the right to fully address the court on their own behalf at the hearing. The

defendant Draper did so extensively on his own behalf and on the behalf of the other defendants. The attorney also was required to appear in this court to argue the defendants' petition for a writ of certiorari.

In *In re Woods v. Rhay, supra,* we outlined the procedure to be followed in applying for a free statement of facts. This procedure requires that the applicant must set forth the fact of his indigency and the errors which he claims were committed; and if it is claimed that the evidence is insufficient to support the verdict, he must specify with particularity in what respect he believes the evidence is lacking. As we said in that case, the allegations of error need not be expressed in any technical form but must clearly indicate what is intended.

The trial court is required to make a definitive order designating the assignments of error which it considers to be frivolous and the reasons why they are frivolous. Such an order was entered in this case. This order also reviewed the evidence extensively, and the defendants have not challenged the correctness of the trial court's recollection of the evidence. It would serve no useful purpose to set forth this evidence in detail. To summarize it briefly, the testimony showed that the defendants and an accomplice, one Jennings, met in a room at the Davenport hotel on the evening of July 4, 1960, and planned to commit armed robberies of the TraveLodge and the Downtowner motels, in Spokane; that at approximately 2:00 a. m. on July 5, 1960, they went to the TraveLodge; Lorentzen and Long held up the night clerk and obtained from him approximately five hundred dollars belonging to the motel. While this robbery was being committed, Long struck the clerk on the head with the butt of a gun. Lorentzen and Long ran back to the automobile, where Draper and Jennings were waiting, and (according to prearranged plan) Draper drove the automobile to the Downtowner motel. There, Long and Jennings went in, armed with a loaded weapon, and held up the night clerk, obtaining about eighteen hundred dollars. Jennings struck the clerk on the back of the head

with the butt of a gun, and the two men ran back to the waiting car and drove off.

A police officer on patrol, observing Jennings and Long run from the motel and jump into the waiting car, followed them. A wild chase followed, during which the defendants fired a number of pistol shots. Their automobile was finally rammed by a pursuing police vehicle; Lorentzen and Long were captured; and in their possession was the money and other property taken from the motels. Draper and Jennings escaped, but were later captured.

Jennings, the accomplice, pleaded guilty and testified in detail at the trial of these defendants as to the preparation, planning, and execution of the robberies. His testimony was confirmed by his mother, who identified Draper as having been at the Jennings' residence on July 4th; by the testimony of the clerk on duty at the Davenport when the defendants checked in; and by the testimony of the two victims of the robberies, who described what took place.

The defendants did not testify at the trial and offered no testimony or evidence on their behalf.

Robbery is defined, RCW 9.75.010, as:

" . . . the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. . . . [1909 c 249 § 166 . . . ]"

It is clear from the summary of the evidence which the trial court outlined in its order, the correctness of which outline the defendants do not challenge, that all of the elements of the crime of robbery were established by the evidence. None of the assignments of error is directed to the competency or materiality of this evidence.

In the seventh assignment of error, the defendants state that the judge should have dismissed the case because they

are not guilty. We will assume, without deciding, that this assignment raises the question of whether there is sufficient evidence to sustain the convictions. The evidence outlined above, which the jury was entitled to believe, was sufficient proof to support the convictions.

In assignment No. 5, it is alleged that the presumption of innocence was never afforded the defendants. The trial judge's order points out that the jury was instructed specifically on the presumption; and it further points out that these objections were not raised or called to the court's attention. A question not raised in the trial court will not be considered on appeal. *Kane v. Smith*, 56 Wn. (2d) 799, 355 P. (2d) 827. This assignment of error is frivolous.

In regard to assignments Nos. 1, 2, 3, 6, 11, and 12, the defendants also failed to raise their objections in the trial court; therefore, even if these assignments were meritorious, our rules would preclude a consideration of them. However, to allay any suspicion that we are summarily refusing to give them due consideration, we will point out therein they are also frivolous.

In the first, third, and fourth assignments of error, it is alleged that the witnesses contradicted each other and that one witness committed perjury. Many times, contradictions occur in the testimony of different witnesses; and it is for the jury to decide which witnesses, if any, are to be believed. These assignments do not refer to any alleged error of the court and are obviously frivolous.

In the second assignment, it is stated that the clothes and weapons introduced in evidence were not properly identified nor their ownership established. This goes to the weight of the evidence and not to its admissibility.

In assignment No. 6, the defendants state that the trial judge was prejudiced against them throughout the trial. The judge denies this allegation. Under our rules of pleading, practice, and procedure, the right to disqualify a judge because of prejudice, must be by affidavit made prior to the judge's entering upon the trial of a matter.

RCW 4.12.040, -.050. *State v. Innocenti*, 170 Wash. 286, 16 P. (2d) 439. Here the defendants' claim of prejudice (that on numerous occasions the judge sustained objections made by counsel for the state) was by oral assertion and was not timely; hence, this assignment of error is patently frivolous.

In assignments of error Nos. 8 and 9, it is alleged that exhibits which should have been excluded were admitted over objections, and testimony was improperly allowed in spite of objection thereto. Manifestly, these allegations are too broad and indefinite to indicate what specific erroneous rulings of the court the defendants had in mind, and they have not been made more definite by the briefs before this court.

■ In their tenth assignment, the defendants contend that they were charged with robbing two specific companies that, in fact, were never proved to have been robbed. They base this contention on the fact that the two motels were incorporated, and that the state failed to prove their incorporation. This contention is without merit inasmuch as the evidence was that the defendants robbed the motels and took property from the possession of the clerks on duty. Proof of ownership of stolen property is not required—it being necessary only to prove that the property did not belong to the thief. *State v. Hatch*, 63 Wash. 617, 116 Pac. 286.

■ The defendants complain in their eleventh assignment that they were forced to sit at the same table with the two prosecutors, and a policeman who was subpoenaed as a witness. In regard to this, the trial court explained that it has been a practice of long standing that all parties and counsel sit at one table large enough to provide them all with adequate working room. As the trial court remarked, no conceivable prejudice resulted from this arrangement.

The twelfth assignment is that two witnesses sat in the courtroom after an order was issued excluding witnesses. If this were so, the defendants do not deny that it was never called to the attention of the trial court. The find-

ings of fact show that the court's attention was never called to the presence of any witnesses in the courtroom after the rule of exclusion had been invoked. As the trial court stated, assuming that the witnesses were present, there was no showing of any prejudice to the defendants' case by reason of their presence. Manifestly, this assignment is without substance.

The thirteenth assignment merely alleges that a statement of facts is necessary to prosecute the appeal.

It is evident that the defendants have alleged no substantial and material error. The court correctly held that their appeal was frivolous and refused to order the expenditure of county funds to supply them with copies of the statement of facts.

The writ is quashed.

FINLEY, C. J., WEAVER, FOSTER, and HUNTER, JJ., concur.