[No. 44075.   En Banc.   October 7, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL T. ATTEBERRY, *Petitioner*.

*McAdams & Schacht* and *Donald W. Schacht*, for petitioner.

*Arthur R. Eggers, Prosecuting Attorney*, for respondent.

HAMILTON, J.—This writ of certiorari concerns an indigent criminal defendant's right to appellate counsel and a statement of facts at public expense.

A jury convicted petitioner, Daniel Atteberry, in Walla Walla County Superior Court of two counts of first-degree assault, one count of holding a hostage while prisoner, and one count of possession of a controlled substance.

Petitioner filed a motion to appeal and asked the court to appoint counsel and provide a statement of facts. Petitioner's trial counsel indicated to the court he did not believe the statement of facts would reveal any appealable errors. Petitioner, however, claims the evidence is insufficient to

support at least one of his four convictions.[1] The trial judge could not recall any appealable errors which would justify the expenditure of public funds and denied petitioner's motion. The court appointed counsel for the sole purpose of appealing its decision not to appoint counsel and provide a free statement of facts. Petitioner filed a writ of certiorari in this court, and we set the matter for hearing.

Petitioner is an indigent unable to afford counsel or a statement of facts. Thus, the sole issue before us is whether or not petitioner is entitled to counsel and a statement of facts at public expense when both counsel and the trial judge do not recall any appealable errors.

To resolve this appeal, we must interpret our own court rules and a number of decisions by the United States Supreme Court. ROA I-47(a)(1)(ii) states, in part: "The affidavit shall also demonstrate that the appeal is in good faith and has probable merit." See CAROA 47(a)(1)(ii). Respondent, in effect, contends petitioner is not entitled to counsel and a statement of facts at public expense, because his claim of insufficient evidence to support the verdict has no probable merit. However, a close examination of *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967); *Draper v. Washington*, 372 U.S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963); *Eskridge v. Washington State Bd. of Prison Terms & Paroles*, 357 U.S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061 (1958); and *Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956), appears to require us to furnish petitioner with counsel and a statement of facts.

In *Griffin v. Illinois, supra*, the Supreme Court reviewed a state court decision which denied two indigent defendants a transcript for their appeal from robbery convictions. The court held that the state violates the equal protection clause and the due process clause of the Fourteenth

---

[1] In a memorandum filed with the Court of Appeals, petitioner's counsel stated:

"[P]etitioner does submit that the record does not support the conviction, and that, in fact, the evidence that was produced at trial for at least one, if not more, of the four count information filed against the petitioner, does not support the verdict . . ."

Amendment if it allows appellate review to all convicted defendants except those who cannot afford transcripts of their trials. *Griffin v. Illinois, supra* at 18-19.[2] "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Griffin v. Illinois, supra* at 19. The court, however, did not require the state to provide a transcript in every case where a defendant could not afford to purchase one. A state may use any means of reporting trial proceedings as long as it affords adequate and effective appellate review to indigent defendants. *Griffin v. Illinois, supra* at 20. *Draper v. Washington, supra* at 495-96, describes the available alternatives to a transcript:

> Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. *Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances.* If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues.

(Italics ours.)

In the present case, the court did not provide petitioner

[2]In *Griffin v. Illinois,* 351 U.S. 12, 18, 100 L. Ed. 891, 76 S. Ct. 585 (1956), the court indicated the federal constitution does not require a state "to provide appellate courts or a right to appellate review at all." Our state construction provides each criminal defendant with the constitutional right to an appeal, Const. art. 1, § 22 (amendment 10), and this constitutional provision supports our position to furnish counsel and a statement of facts.

with a statement of facts, and the record does not indicate any other available reporting method.

*Eskridge v. Washington State Bd. of Prison Terms & Paroles, supra* at 215, examined the practice of this jurisdiction to furnish a criminal defendant a free statement of facts " 'if in [the trial judge's] opinion justice will thereby be promoted.' Remington's Wash. Rev. Stat., 1932, § 42-5." In that case, the trial judge denied petitioner's motion for a transcript finding that " 'justice would not be promoted . . . in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein.' " *Eskridge v. Washington State Bd. of Prison Terms & Paroles, supra* at 215. The Supreme Court granted certiorari and held:

> The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript. We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But here, as in the *Griffin* case, we do hold that, "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

*Eskridge v. Washington State Bd. of Prison Terms & Paroles, supra* at 216.

In an attempt to follow the *Eskridge* decision, this court promulgated new rules governing transcripts for indigent criminal defendants, and the Supreme Court passed on these rules in *Draper v. Washington, supra.* In that case, the petitioner alleged 12 assignments of error and requested the court to provide him with a free transcript. A Washington court rule directed the trial court to deny an indigent defendant a statement of facts if it found the assigned errors to be frivolous. *See Woods v. Rhay*, 54 Wn.2d 36, 44-45, 338 P.2d 332 (1959). The trial court denied petitioner's motion for a statement of facts, and we affirmed the lower court decision. *State v. Long*, 58 Wn.2d 830, 836,

365 P.2d 31 (1961), *rev'd sub nom. Draper v. Washington, supra.* The Supreme Court stated:

> The materials before the State Supreme Court in this case did not constitute a "record of sufficient completeness," see *Coppedge* v. *United States,* 369 U. S. 438, 446, [8 L. Ed. 2d 21, 82 S. Ct. 917 (1962)] and p. 498, *infra,* for adequate consideration of the errors assigned. No relevant portions of the stenographic transcript were before it. The only available description of what occurred at the trial was the summary findings of the trial court and the counter-affidavit filed by the prosecutor.

*Draper v. Washington, supra* at 497. It then held at pages 499-500:

> In *Eskridge* this Court held that "[t]he conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript." 357 U. S., at 216. We hold today that the conclusion of the trial judge that an indigent's appeal is frivolous is a similarly inadequate substitute for the full appellate review available to nonindigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings themselves.

In the instant case, the trial judge determined the petitioner's appeal had no probable merit and, in effect, substituted his decision for the full appellate review available to all defendants who can afford the expense of a statement of facts.[3]

---

[3]In light of the above Supreme Court decisions, we interpret ROA I-47 (a) (1) (ii) to merely require the party to allege that he appeals his conviction in good faith. A particularized showing of need is not a prerequisite to the ordering of an expenditure of funds. In *Britt v. North Carolina,* 404 U.S. 226, 228, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971), the court stated:

We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case.

This interpretation is also consistent with our new court rules. RAP

The Supreme Court, however, has sanctioned a procedure to dispose of frivolous appeals. In *Anders v. California, supra* at 744, the court held:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. *Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.* A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

(Footnote omitted. Italics ours.)

This procedure may be applicable to the present case, as petitioner's counsel stated he considered the appeal frivolous. If so, *Anders v. California, supra,* requires counsel to file a brief with the Court of Appeals, and this brief must contain anything in the record that might arguably support the appeal. Counsel, however, needs a statement of facts of sufficient completeness to meet the *Draper* and *Anders* directives. Once counsel submits the brief, an appellate

15.2 superseded ROA I-47 and CAROA 47 effective July 1, 1976. The new rule only requires the party to state "that review is sought in good faith."

court, not the trial court, must examine the proceedings to decide whether the appeal is frivolous. Petitioner therefore is entitled to an attorney and a statement of facts at public expense.[4]

The cause is remanded to the Superior Court for further proceedings consistent herewith.

STAFFORD, C.J., and ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

---

[4]The issue on appeal is whether there is sufficient evidence to support the verdict. The trial court need not furnish petitioner with the portions of the record which do not concern this issue. Thus, petitioner does not need the transcript or the portions of the statement of facts which concern the voir dire of the jury and instructions to the jury. However, counsel may need the entire record if he decides to comply with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).