[No. 44143. En Banc. October 14, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DEBORAH FAYE JACKSON, *Appellant.*

_____

*Koenigsberg, Brown, Sinsheimer, Stone & Meltzer, Inc., P.S., Ronald J. Meltzer,* and *Stephen J. Hillman,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas H. Wolfendale, Deputy,* for respondent.

*John A. Strait,* amicus curiae.

WRIGHT, J.—This case presents the issue of whether the trial judge's denial of petitioner's motion for reimbursement of indigent appeal expenses operated in a constitutionally impermissible manner to totally preclude her from "any means of getting adequate [appellate] review on the merits". *Draper v. Washington,* 372 U.S. 487, 498, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963).

On October 16, 1975, petitioner was convicted of two counts of robbery and one count of attempted robbery in a nonjury trial, and was sentenced to three concurrent terms of not more than 20 years each. Subsequently, petitioner filed notice of appeal, together with a petition to proceed in forma pauperis pursuant to CAROA 46 and 47.[1] Attached to the in forma pauperis petition was a supporting affidavit by petitioner's trial attorney stating in part:

> The only issues counsel is aware of at this time would be the sufficiency of the evidence to sustain the Judge's determination of guilty. I believe that review is sought in good faith, but I cannot make such assertion unqualifiably without reviewing the entire record of the trial. Trial in this matter took approximately one day. I have advised my client I believe it unlikely that the appellate

---

[1]CAROA 47(a)(1)(ii), which was still in effect when this petition was filed, prescribes the procedure for authorizing the expenditure of public funds in indigent appeal cases. The rule requires a party to file a timely motion and supporting affidavits setting forth

> the party's total assets, the amount, if any, the party can contribute to the expense of appellate review, a brief statement of the nature of the case and the issues sought to be reviewed, a description of the record thought necessary for appellate review, and the costs sought to be waived or provided at public expense. The affidavit shall also demonstrate that the appeal is in good faith and has probable merit.

In the present case the trial judge ruled that petitioner is indigent.

court would overturn the finding of guilty. I have been instructed by my client to prosecute the appeal.

On March 2, 1976, the presiding judge of the Superior Court for King County denied the motion to proceed in forma pauperis on the ground that "counsel's affidavit does not 'demonstrate that the appeal is in good faith and has probable merit.'"[2] Since the motion was not disposed of under CAROA 47(a)(2)(iii) the Superior Court referred the motion and supporting affidavits to this court and we accept review under CAROA 47(a)(2)(iv).

■ Petitioner cites the case of *Draper v. Washington, supra,* in support of her argument that CAROA 47 violates the equal protection clause of the fourteenth amendment to the United States Constitution if it is construed to require an advance showing of probable merit before a motion to proceed in forma pauperis on appeal can be granted. In *Draper,* the United States Supreme Court was concerned with the constitutional validity of a procedure developed in *Woods v. Rhay,* 54 Wn.2d 36, 44-45, 338 P.2d 332 (1959) for handling motions requesting preparation of a free transcript of the record and statement of facts for indigent criminal defendants. We held that the trial court had properly applied the principles of *Woods* when it found defendants' appeal to be patently frivolous in *State v. Long,* 58 Wn.2d 830, 365 P.2d 31 (1961). On appeal, the United States Supreme Court reversed and held in *Draper v. Washington, supra* at 499-500:

> [T]he conclusion of the trial judge that an indigent's appeal is frivolous is [an] inadequate substitute for the full appellate review available to nonindigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings themselves.

In reaching this conclusion, the court reasoned at page 496

---

[2]The trial judge also found that CAROA 47 must be reconciled with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

that the State has a constitutional duty

> to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.

Petitioner contends that the current construction of CAROA 47 is unconstitutional because the trial judge's ruling that her motion does not demonstrate good faith and probable merit prevents her from as "adequate and effective appellate review" as that available to nonindigents.[3] In *Draper*, however, the court, at pages 495-96, left considerable leeway to the State for determining what is "adequate and effective":

> Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. *Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. . . . If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues.*

(Italics ours.)

Petitioner also argues that the trial court's ruling precludes counsel and the appellate court from fulfilling their respective duties as prescribed by the United States Supreme Court in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). At page 744, the court set

---

[3]We have already ruled that the proper construction of ROA I-47(a)(1)(ii) merely requires the party to allege that he appeals his conviction in good faith. *See State v. Atteberry*, 87 Wn.2d 556, 554 P.2d 1053 (1976).

forth a procedure for counsel to withdraw from a case if he feels that his client's appeal would be wholly frivolous:

Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court —not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

(Footnote omitted.) We adopted the *Anders* prerequisites in *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970).

■ Both *Draper* and *Anders* seem to require us to determine whether part or all of the trial transcript is necessary to present an appellate court with "a 'record of sufficient completeness' to permit proper consideration of [petitioners'] claims." *Draper v. Washington, supra* at 499. Counsel says that petitioner's only appealable ground appears to be insufficiency of the evidence. Since the record herein is brief and the full record seems to be the most practical to report the trial proceedings in this case we feel that a transcript of the trial testimony (excluding voir dire, opening and closing arguments, and instructions) should be granted to petitioner. If after examining the trial testimony, counsel determines that an appeal would be frivolous, he would be required to use that transcript to meet his obligations under *Anders v. California, supra*. We emphasize, however, that the State is not obligated to pay for

a transcript in every case. *See State v. Badda,* 66 Wn.2d 314, 319-20, 402 P.2d 348 (1965); *State v. Koser,* 76 Wn.2d 509, 512, 458 P.2d 27 (1969); and the discussion *supra.*

We only hold that where the only appealable ground is insufficiency of the evidence, and there was no showing of any better method of reporting the trial testimony at petitioner's 1-day trial, she should in this case be granted a transcript of the trial testimony at public expense.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.