[No. 29841-1-I.   Division One.   June 14, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. LAVARGO THOMAS, *Petitioner.*

*Irene Tanabe* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Jill Tamkin, Deputy,* for respondent.

PER CURIAM. — Lavargo Thomas seeks discretionary review of the Superior Court's refusal to authorize transcription at public expense of certain portions of the verbatim report of proceedings pursuant to an order of indigency. *See* RAP 15.2(g). The State has filed no response. A commissioner referred the motion to a panel of judges for determination. We grant discretionary review, accelerate review pursuant to RAP 18.12, and reverse.

Lavargo Thomas was convicted of one count of delivering cocaine. At sentencing, he sought an exceptional sentence below the standard range. The sentencing judge denied Thomas' request and imposed a standard-range sentence. A notice of appeal was timely filed. On December 23, 1991, the trial court signed an order of indigency permitting trial counsel to withdraw, appointing appellate counsel, and authorizing transcription of the trial and sentencing proceedings, with the exception of voir dire, opening statements, and closing arguments. On February 21, 1992, for reasons not explained by the record, the trial court signed a second order of indigency, apparently without notice to appellate counsel, that did not authorize transcription of the sentencing hearing.

When the discrepancy between the two indigency orders was discovered, a commissioner of this court remanded the matter to the trial court for clarification. In correspondence between the trial judge and appellate counsel, the trial judge explained that he generally does not authorize transcription of a portion of the record "which I believe is not necessary for a review by the Court of Appeals." The trial judge requested from counsel citation to any authority that permits an appeal "based on the denial of a request for an exceptional sentence and the actual sentence is within the presumptive sentence range." In a reply to the trial judge's letter, counsel for Tho-

mas cited *State v. Ward*, 49 Wn. App. 427, 743 P.2d 853 (1987).

On February 26, 1993, substituted appellate counsel informed this court and the trial court that she had reviewed the entire record, except for closing argument and sentencing, and had found no meritorious issues. Counsel stated that she had requested an order authorizing transcription of these two portions of the record and that she would move to withdraw pursuant to *Anders v. California*[1] if review of the remaining portions of the record revealed no meritorious issues. On March 1, 1993, the trial court refused to sign the proposed supplemental order of indigency authorizing transcription of closing argument and sentencing. The refusal was based on a determination that there was "no showing as to a need for either or both as basis for an appeal."

A party seeking review at public expense must move in the trial court for an order of indigency. The motion must include a "brief statement of the nature of the case and the issues sought to be reviewed", a designation "of those parts of the record the party thinks are necessary for review", and a statement that "review is sought in good faith." RAP 15.2(a). The order of indigency shall designate the extent to which public funds are to be used for the record on review, "limited to those parts of the record reasonably necessary to review issues argued in good faith." RAP 15.2(d).

A criminal defendant is constitutionally entitled to a "record of sufficient completeness" to permit effective appellate review of his or her claims. *Coppedge v. United States*, 369 U.S. 438, 446, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962); *State v. Atteberry*, 87 Wn.2d 556, 560, 554 P.2d 1053 (1976). An indigent criminal defendant must be provided

> as adequate and effective an appellate review as that given appellants with funds — the State must provide the indigent defendant with means of presenting his contentions to the

[1]386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

appellate court which are as good as those available to a non-indigent defendant with similar contentions.

*Draper v. Washington*, 372 U.S. 487, 496, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963); *State v. Jackson*, 87 Wn.2d 562, 565, 554 P.2d 1347 (1976); *see also Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 2d 891, 76 S. Ct. 585, 55 A.L.R.2d 1055 (1956) (equal protection entitled indigent defendants to same basic tools of defense on appeal available to nonindigents at a price). These principles "inextricably entwine[]" constitutional guaranties of due process, equal protection, effective assistance of counsel, and, under article 1, section 22 of the Washington Constitution, a criminal defendant's right to appeal. *See State v. Cirkovich*, 35 Wn. App. 134, 136-37, 665 P.2d 440 (1983); *State v. Atteberry*, 87 Wn.2d at 558 n.2.

■ However, " '[a] record of sufficient completeness' does not translate automatically into a complete verbatim transcript." *Mayer v. Chicago*, 404 U.S. 189, 194, 30 L. Ed. 2d 372, 92 S. Ct. 410 (1971). Alternative methods of reporting trial proceedings are constitutionally permissible "if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *State v. Jackson*, 87 Wn.2d at 565 (quoting *Draper v. Washington*, 372 U.S. at 495).[2] *See generally State v. Putman*, 65 Wn. App. 606, 607, 829 P.2d 787 (1992) (record was "of sufficient completeness" to review appellant's claim of prosecutorial misconduct and ineffective assistance during closing argument without a verbatim or narrative report); *State v. Hunter*, 35 Wn. App. 708, 669 P.2d 489 (under circumstances, there were

---

[2]"[P]art or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited to the portions relevant to such issues." *Draper v. Washington*, 372 U.S. at 495-96; *State v. Atteberry*, 87 Wn.2d at 558.

adequate alternatives to verbatim transcript of earlier mistrial), *review denied,* 100 Wn.2d 1030 (1983); *State v. Hardy,* 37 Wn. App. 463, 681 P.2d 852 (no showing of need for trial transcript for purposes of motion for new trial), *review denied,* 102 Wn.2d 1001 (1984); *State v. Martinez,* 18 Wn. App. 85, 566 P.2d 952 (1977) (in rape conviction where only factual dispute was consent, appellant was entitled only to narrative report of proceedings absent some more specific showing of necessary portions of the record); *cf.* RAP 9.1(b) (report of proceedings may take form of verbatim report, narrative report, or agreed report).

Generally, as a matter of federal constitutional law, where the "grounds of appeal . . . make out a colorable need for a complete transcript", the State bears the burden of showing that "only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds." *Mayer v. Chicago,* 404 U.S. at 195. The defendant is not obligated to prove inadequate "such alternatives as may be suggested by the State or conjured up by a court in hindsight." *Britt v. North Carolina,* 404 U.S. 226, 230, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971); *cf. State v. Koser,* 76 Wn.2d 509, 458 P.2d 27 (1969); *State v. Badda,* 66 Wn.2d 314, 402 P.2d 348 (1965).

In *State v. Larson,* 62 Wn.2d 64, 381 P.2d 120 (1963), following conviction for attempted burglary, the defendant appealed, and the trial court authorized a verbatim statement of facts. Subsequently, it appeared that the court reporter's trial notes were lost. In addition, trial counsel withdrew and new counsel was appointed to represent the defendant on appeal. The trial court ruled that a narrative statement, based on the trial court's own notes, provided an adequate record on review. The Supreme Court reversed, holding that under the circumstances, the narrative statement was not a record of "sufficient completeness" to permit adequate review:

> Since counsel representing the defendant on appeal did not represent the defendant at the trial, he was unable to determine satisfactorily what errors to assign for the purpose of obtaining an adequate review on appeal. Also, in regard to the

errors that had been assigned, he was unable to test the "*sufficiency of completeness*" of the narrative statement of facts for an adequate review by this court.

*State v. Larson*, 62 Wn.2d at 67. The court concluded that the defendant's conviction would have to be dismissed unless the reporter's notes could be found. *State v. Larson*, 62 Wn.2d at 67.

In *State v. Jackson*, 87 Wn.2d at 567, an appeal from a robbery conviction, the court held that "where the only appealable ground is insufficiency of the evidence, and there was no showing of any better method of reporting the trial testimony at petitioner's 1-day trial," the defendant was entitled to a transcript of the trial testimony (excluding voir dire, opening and closing argument, and instructions). *See also State v. Woodard*, 26 Wn. App. 735, 617 P.2d 1039 (1980) (reversible error not to provide defendant with transcript of earlier mistrial in same case); *State v. Williams*, 84 Wn.2d 853, 529 P.2d 1088 (1975) (defendant entitled to transcript of first trial ending in mistrial).

A separate but related issue arises under *Anders v. California*, 386 U.S. 738 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). An indigent defendant may be entitled to a complete transcript in order to permit counsel to comply with *Anders*, which requires counsel to include in the brief "anything in the record that might arguably support the appeal." *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970) (quoting *Anders v. California*, 386 U.S. at 744).[3] Thus, a defendant whose appeal is ultimately determined to be frivolous may be entitled to a complete record, whereas the defendant who raises a substantive issue may be entitled to a transcription of only a portion of the record:

> The issue on appeal is whether there is sufficient evidence to support the verdict. The trial court need not furnish petitioner with the portions of the record which do not concern this issue. Thus, petitioner does not need the transcript or the portions of the statement of facts which concern the voir dire of

---

[3]A proposed amendment to RAP 9.2(b) provides that a verbatim report of voir dire or opening statement will not be prepared at public expense "unless so ordered by the trial court." 120 Wn.2d xix (Proposed Rules of Court, Jan. 6, 1993).

the jury and instructions to the jury. However, counsel may need the entire record if he decides to comply with *Anders v. California* . . ..

*Atteberry*, 87 Wn.2d at 562 n.4; *see also State v. Jackson*, *supra*. Here, appellate counsel for Thomas, who was not trial counsel, sought transcription of closing argument and sentencing in order to review the record both for substantive errors and for purposes of fulfilling the requirements of *Anders*; her request was supported by citation to authority. There was no showing of any effective alternative methods for reviewing these portions of the record. Accordingly, the trial court erred in refusing to enter the supplemental order of indigency. The trial court's decision is reversed and the matter remanded for entry of an order authorizing transcription of closing argument and the sentencing hearing.[4]

---

[4]The imposition by the trial court of an excessive burden on a defendant to justify a request for the record of a just completed trial may, in effect, constitute an impermissible judgment by the trial court that the appeal is frivolous:

> [T]he conclusion of the trial judge that an indigent's appeal is frivolous is a similarly inadequate substitute for the full appellate review available to non-indigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings themselves.

*Draper*, 372 U.S. at 499-500; *State v. Jackson, supra*; *see also State v. Atteberry*, 87 Wn.2d at 557 (defendant entitled to verbatim transcript even though trial counsel and trial judge "do not recall any appealable errors").