[No. 32215-0-I.   Division One.   July 6, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. RODNEY
YOUNG, *Petitioner.*

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Robert Knief, Deputy,* for respondent.

PER CURIAM. — Rodney Young seeks discretionary review of an order of indigency. *See* RAP 15.2(g). He contends that the trial court erred when it refused to authorize preparation at public expense of a verbatim report of his trial. A commissioner referred the motion for discretionary review to a panel of judges for determination. The State has filed no response. We grant the motion for discretionary review, accelerate review pursuant to RAP 18.12, and reverse.

Young was charged with one count of possession of cocaine. On December 3, 1992, a jury found him guilty as charged. Before, during, and after trial Young made a series of motions challenging, among other things, the sufficiency of the evidence. All of these motions were denied. Young subsequently received a standard-range sentence of 10 months.

On January 29, 1993, Young filed a motion for an order of indigency. In the declaration in support of the motion, Young stated that he sought review of alleged instructional error and "adequacy of evidence to go to jury." The trial court granted the motion for an order of indigency and authorized transcription of pre- and posttrial motions, but denied Young's request for a verbatim report of the trial itself. The order of indigency permitted trial counsel to withdraw and appointed Washington Appellate Defender Association (WADA) to represent Young on appeal.

A party seeking review at public expense must move in the trial court for an order of indigency. *See* RAP 15.2(a). The order of indigency shall designate the extent to which public funds are to be used for the record on review, "limited to those parts of the record reasonably necessary to review issues argued in good faith." RAP 15.2(d).

A criminal defendant is constitutionally entitled to a "record of sufficient completeness" to permit effective appellate review of his or her claims. *Coppedge v. United States*, 369 U.S. 438, 446, 8 L. Ed. 2d 21, 82 S. Ct. 917 (1962); *State v. Atteberry*, 87 Wn.2d 556, 560, 554 P.2d 1053 (1976). An

indigent defendant must be provided "with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions." *Draper v. Washington*, 372 U.S. 487, 496, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963); *State v. Jackson*, 87 Wn.2d 562, 565, 554 P.2d 1347 (1976); *see generally State v. Thomas*, 70 Wn. App. 296, 852 P.2d 1130 (1993).

■ A "record of sufficient completeness", however, does not necessarily mean a complete verbatim report of proceedings. *Mayer v. Chicago*, 404 U.S. 189, 194, 30 L. Ed. 2d 372, 92 S. Ct. 410 (1971). Alternative methods of reporting trial proceedings are constitutionally permissible "if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *State v. Jackson, supra* (quoting *Draper*); *cf.* RAP 9.1(b) (report of proceedings may take form of verbatim report, narrative report, or agreed report). An indigent defendant is not required to show that an appeal has probable merit in order to be entitled to representation at public expense and a verbatim transcript. *See State v. Atteberry*, 87 Wn.2d 556, 557, 554 P.2d 1053 (1976) (defendant entitled to representation and a statement of facts at public expense even though trial judge and defense counsel could not "recall" any appealable errors).

■ In *State v. Jackson, supra*, the court held that the defendant was entitled to a transcript of the trial testimony (excluding voir dire, opening statement and closing argument, and instructions) "where the only appealable ground is insufficiency of the evidence, and there was no showing of any better method of reporting the trial testimony at petitioner's 1-day trial . . .". *Jackson*, 87 Wn.2d at 567. In *State v. Larson*, 62 Wn.2d 64, 381 P.2d 120 (1963), the court reporter's notes were apparently lost following the defendant's convictions. The trial court ruled that a narrative statement, based on the trial court's own notes, provided an adequate record for review. The Supreme Court reversed, holding that the record was not one of "sufficient completeness" to permit adequate review. In reaching this decision, the court stressed

that appellate counsel was not trial counsel and was therefore unable to determine satisfactorily what errors to assign or to review the adequacy of the narrative statement. *Larson*, 62 Wn.2d at 67.[1]

Among other things, Young challenged the sufficiency of the evidence prior to trial, during trial, and after trial; he also indicated his intention to raise this issue on appeal. As in *State v. Larson, supra*, and *State v. Thomas, supra*, appellate counsel here was not trial counsel and is therefore unable to assess the viability of issues raised by trial counsel or to review the trial for additional errors without a verbatim transcript. Nothing indicates why the trial court authorized transcription of pre- and posttrial motions, but not the trial itself. Nor does the record before this court suggest an adequate substitute for a verbatim report of the apparently short trial. Under these circumstances, the record is not of "sufficient completeness" either to permit appellate counsel to prepare the appeal adequately or to permit effective appellate review by this court.

Accordingly, Young is entitled to a verbatim transcript of the trial. The order of indigency is reversed and the matter remanded to the trial court for entry of an order of indigency authorizing, in addition to the pre- and posttrial motions, transcription of the trial, including closing arguments, but excluding voir dire and opening statements.

---

[1] An indigent defendant may also be entitled to a complete verbatim report in order to permit counsel to comply with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). *Atteberry*, 87 Wn.2d at 562 n.4; *see also Jackson*, 87 Wn.2d at 566. *Anders* requires counsel to include in the brief supporting the motion to withdraw "anything in the record that might arguably support the appeal." *State v. Theobald*, 78 Wn.2d 184, 185, 470 P.2d 188 (1970) (quoting *Anders*).