[Nos. 41480-1-I; 41576-0-I.   Division One.   February 22, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNISSON M. LEELOO, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. RICARDO CALVIN PEREZ, *Appellant*.

*Jason B. Saunders* of *Washington Appellate Project*, for appellant Leeloo.

*Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant Perez.

*Norm Maleng, Prosecuting Attorney*, and *Melinda Young* and *Carol Jean Murray, Deputies*, for respondent.

PER CURIAM — Counsel in these appeals allege they can find no good faith argument to raise on review and have moved to withdraw pursuant to *State v. Theobald*[1] and *Anders v. California*.[2] Our preliminary review of the files indicates that counsel have neither reviewed nor provided this court with transcripts of certain hearings. We take this opportunity to clarify counsel's duties and the record requirements under *Anders*.[3] For the reasons set forth below, we hold that *Anders* requires counsel to review and provide this court with a record of sentencing and plea hearings before a motion to withdraw will be entertained.

## FACTS

After Ricardo Perez pleaded guilty to five counts of robbery, his trial counsel obtained an order authorizing an appeal at public expense. The order authorized preparation of the sentencing transcript but said nothing about a transcript of the plea hearing.

Perez's appointed counsel on appeal has filed a motion to withdraw stating he has reviewed the transcript of the sentencing hearing, the clerk's papers, and the exhibits, and has found no basis for a good faith argument on review. Counsel does not claim he reviewed a transcript of the plea hearing and has not provided a transcript of that hearing.

Dennisson Leeloo was convicted of residential burglary and received a standard range sentence. He also obtained an order authorizing an appeal at public expense. That or-

---

[1] *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970).

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] A small but fairly constant percentage of *Anders* cases filed in this court are filed with incomplete records. Typically, the omitted portion of the record is a plea or sentencing transcript. In most such cases, trial counsel does not request the transcript when the order authorizing appeal at public expense is obtained, and appellate counsel simply reviews and provides this court with whatever record trial counsel ordered.

der authorized only preparation of the trial transcript. In his motion to withdraw, Leeloo's counsel states he reviewed the transcripts from the trial proceedings. He does not allege he reviewed, nor has he provided, a transcript of the sentencing hearing.

## DECISION

These cases are before us solely to determine whether the motions to withdraw can be entertained given counsel's failure to review and provide the aforementioned transcripts. We conclude they cannot and defer ruling on the motions pending counsel's review, and this court's receipt, of the omitted portions of the record.

In *Anders*, the Supreme Court set out the procedure for withdrawal of appellate counsel as follows:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to *anything in the record* that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after *a full examination of all the proceedings*, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.[4]

Washington courts have not addressed whether *Anders* requires counsel to review and provide this court with transcripts from plea or sentencing hearings before a motion to withdraw can be entertained. Our courts have recognized, however, that appointed counsel "may be entitled to a complete transcript in order to . . . comply

---

[4]*Anders v. California*, 386 U.S. at 744 (emphasis added).

with *Anders*"[5] and that the reviewing court has a duty to independently review "the whole record."[6] The few courts that have addressed this issue in other jurisdictions have uniformly held that counsel must review and provide a transcript or alternative record of such proceedings.

In *Paulsen v. Manson*[7] a petitioner in a habeas corpus proceeding argued that an appellate court had erroneously allowed attorneys to withdraw from his appeal because they had not reviewed or provided a transcript of the plea hearing. The Connecticut Supreme Court agreed, stating in pertinent part:

> It cannot be seriously maintained that Paulsen was not erroneously deprived of his right to counsel on appeal. Whenever appointed counsel seeks to withdraw from his role as appellate advocate, he is required, as a matter of constitutional law, to file "a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). This minimum level of constitutionally acceptable conduct presupposes that appellate counsel will review the transcripts of all prior proceedings in order to fulfill the "role of an active advocate." Our federal constitution also requires "the court—not counsel—[to proceed], after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* Both the court and counsel in this case failed to conform their conduct to these constitutionally mandated requirements . . . .[8]

Similarly, in *Marsh v. State*[9] the Texas Court of Appeals held that appellate counsel had not fulfilled his duty under *Anders* because he failed to review a record of Marsh's plea hearing.

---

[5]*State v. Thomas*, 70 Wn. App. 296, 301, 852 P.2d 1130 (1993); *State v. Young*, 70 Wn. App. 528, 531 n.1, 856 P.2d 399 (1993).

[6]*State v. Hairston*, 133 Wn.2d 534, 946 P.2d 397 (1997).

[7]*Paulsen v. Manson*, 193 Conn. 333, 340-41, 476 A.2d 1057 (1984).

[8](Emphasis added; footnote omitted.)

[9]*Marsh v. State*, 959 S.W.2d 224 (Tex. App. 1996).

██ In short, these authorities stand for the proposition that neither counsel nor the reviewing court can fulfill their obligations under *Anders* unless they have reviewed transcripts or equivalent records of any proceedings that could contain appealable errors. We agree with that proposition. Appealable errors can occur at plea and sentencing hearings that would not be revealed by other portions of the record.[10] Accordingly, we hold that counsel must review and provide this court with a record of sentencing and plea hearings before a motion to withdraw will be entertained.

We defer consideration of the motions to withdraw and direct counsel to do the following within 60 days: (1) obtain and review the omitted transcript; and, (2) either file the transcript in this court with a supplemental brief alleging that counsel could find no good faith issues in the transcript, or withdraw the *Anders* motion and file an advocate's brief raising an issue or issues for review in the regular course.

---

[10]This is true even when a court imposes a standard range sentence, which is generally not appealable. For instance, a sentencing court's failure to follow statutory procedures or its denial of a defendant's right to allocution would be appealable regardless of whether the sentence was within the standard range. *State v. Garcia-Martinez*, 88 Wn. App. 322, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998); *State v. Crider*, 78 Wn. App. 849, 899 P.2d 24 (1995).