IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SCOTT SHUPE, | ) | |
| | ) | No. 33283-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPOKANE POLICE | ) | UNPUBLISHED OPINION |
| DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — After Scott Shupe twice failed to meet deadlines for clarifying and supporting his request for a process concluding a long dormant civil forfeiture proceeding, a Spokane city hearing examiner refused to consider his request further. In seeking appellate review, Mr. Shupe's only apparent claim under Washington's Administrative Procedure Act, chapter 34.05 RCW (APA), is that he was denied due process. Because the process provided by the hearing examiner was ample, we affirm.

FACTS AND PROCEDURAL BACKGROUND

In executing search warrants at a medical marijuana dispensary and two associated residences on September 10, 2009, the Spokane Police Department seized property belonging to Scott Shupe. It thereafter notified him that items seized during the searches were subject to civil forfeiture under RCW 69.50.505, a provision of the Uniform Controlled Substances Act. Mr. Shupe filed a timely claim of right, asserting ownership

or a right to possession of equipment and cash listed in the notice of seizure.[1]  An

administrative forfeiture hearing was held in May 2010.  It was conducted by Lt. Scott

Mullenix.

In August 2010, Lt. Mullenix sent an e-mail to the parties' lawyers announcing his

decision, finding "in favor of the City of Spokane." Clerk's Papers (CP) at 7.  His e-mail

asked "the prevailing party to prepare findings of fact and conclusions of law consistent

with my opinion." *Id.* Mr. Shupe's lawyer responded the following day, suggesting that

because he was preparing a suppression motion in the related criminal case and

"[c]learly, if the suppression is successful this current ruling can[']t stand," the parties

should "enter a stay until the resolution of the criminal case." *Id.* Everyone evidently

agreed.  But no formal order staying the proceedings was ever entered.

Mr. Shupe's motion to suppress was unsuccessful, and he was convicted of

delivery, possession with intent to deliver, and manufacture of marijuana. *State v. Shupe*,

172 Wn. App. 341, 344, 289 P.3d 741 (2012).  He appealed, and in December 2012, this

court held that probable cause was lacking in the case of the September 10, 2009 searches

of the two residences. *Id.* at 351.

While his appeal was pending, Mr. Shupe's lawyer contacted the Spokane City

---

[1] Specifically, Mr. Shupe claimed an interest in ballasts, grow bulbs and other bulbs, an electrical box, fans, grow hoods, a C02 regulator, light hoods, a light track, scales, and over $9,000 cash.

Attorney's Office in April 2012 and asked that the city prepare findings so Mr. Shupe could appeal Lt. Mullenix's adverse forfeiture decision. Mr. Shupe's lawyer would later tell the superior court that after contacting the city attorney's office he learned that in the 20 months that had passed since Lt. Mullenix's e-mail ruling, the city's forfeiture process had changed, forfeiture hearings were by then being conducted by the city hearing examiner, and Lt. Mullenix no longer worked for the city. Mr. Shupe's lawyer also learned the attorney who represented the city in the 2010 forfeiture hearing no longer worked for the city. An assistant city attorney assigned to the forfeiture case following this April 2012 contact learned from Spokane Police Department personnel that "the audio tape recording of [the 2010 forfeiture hearing] failed to function and none of the proceeding was captured." CP at 20.

Given these developments, the city opted to return Mr. Shupe's property. The assistant city attorney authorized its release, notified Mr. Shupe's lawyer and employees of the Property Evidence Facility, and later produced records indicating that Mr. Shupe or his wife picked up or could pick up the items as to which he had filed a claim of right.[2]

In April 2014, nearly four years after the forfeiture hearing, Mr. Shupe filed a motion with the office of the city's hearing examiner, Brian McGinn, seeking a

---

[2] A declaration from the supervisor of the Property Evidence Facility stated that two items of property co-owned with another defendant were not initially released, but Mr. Shupe had been notified that they were available for pickup.

3

presentment hearing in the long-dormant forfeiture proceeding. On May 1, 2014, Mr. McGinn informed the parties by letter that he intended to treat Mr. Shupe's motion as a request for a hearing to determine whether findings, conclusions, and a decision *should* be entered in the stale proceeding. He informed the parties of the need to submit briefing, proposed findings, and evidence supporting any relief sought. Following further correspondence, Mr. McGinn gave Mr. Shupe until June 30, 2014, to submit proposed findings, conclusions, briefing, and supporting evidence.

On the June 30 deadline, at 2:30 p.m., Mr. Shupe's lawyer e-mailed Mr. McGinn, requesting a one-week extension of the deadline for filing his submissions. The request was granted, resulting in a new deadline of July 7.

On July 7, at 3:50 p.m., Mr. Shupe's lawyer again provided Mr. McGinn with only an e-mail, this time reporting he had been informed by the assistant city attorney that any record of the previous proceedings could not be located and that all issues in the forfeiture proceeding would be contested. Mr. Shupe, through his lawyer, maintained that there was "only one option, to start the forfeiture action from the beginning," and suggested that a new hearing be held on August 7, in lieu of the hearing to determine whether findings should be entered. CP at 10.

The city responded by e-mail, objecting to a second hearing and arguing that since Mr. Shupe's property had been returned, his claim was moot and there was nothing for the hearing examiner to decide. Mr. Shupe's lawyer replied, again by e-mail, disputing

4

the city's assertion that all property had been returned and contesting mootness, arguing that Mr. Shupe had a right to establish prevailing party status and recover costs and reasonable attorney fees under RCW 69.50.505(6). All three of these e-mails were sent to Mr. McGinn within less than an hour, late in the afternoon on the continued date for Mr. Shupe to submit proposed findings, conclusions, briefing, and supporting evidence.

Mr. McGinn struck the August 7 hearing, explaining that Mr. Shupe "did not submit any argument or documentation which would justify any particular order for relief." CP at 10. He said Mr. Shupe's statement of his position as to what should be done was required to be supported by evidence and argument, and the need for such support was "precisely the reason that the Hearing Examiner set a schedule for the submission of briefing and supporting materials, so that such claims could be properly considered and decided." *Id.* Having received e-mails stating positions and nothing more, the hearing examiner concluded, "There is nothing further . . . to consider or to do under these circumstances, in particular given that nothing has been submitted . . . elucidating what needs to be done and why." CP at 11.

Mr. Shupe sought judicial review and the superior court affirmed the hearing examiner's order. Mr. Shupe appeals.

## ANALYSIS

Judicial review of administrative orders such as the hearing examiner's order in this case is governed by the APA. *In re Forfeiture of One 1970 Chevrolet Chevelle*, 140

5

No. 33283-7-III
*Shupe v. Spokane Police Dep't*

Wn. App. 802, 819, 167 P.3d 599 (2007), *rev'd*, 166 Wn.2d 834, 215 P.3d 166 (2009);

RCW 69.50.505(5) ("A hearing before the seizing agency and any appeal therefrom shall

be under Title 34 RCW."). The APA authorizes courts to grant relief from an agency

order in an adjudicative proceeding in only nine enumerated instances, subject to varying

standards of review. RCW 34.05.570(3).

Mr. Shupe's briefing fails to apply the framework of the APA. It assigns error to

"[t]he Superior Court of Spokane County," which he contends "erred in affirming the

Decision of the City of Spokane Hearing Examiner, denying the Appellant's request to

re-conduct an administrative forfeiture hearing, and to enter Findings of Fact and

Conclusions of Law." Br. of Appellant at 1. But in reviewing agency action, we review

the decision of the agency, not the decision of the superior court. *Pederson v. Emp't Sec.

Dep't*, 188 Wn. App. 667, 673 n.1, 352 P.3d 195, *review denied*, 184 Wn.2d 1010, 360

P.3d 818 (2015).

The legal argument in Mr. Shupe's opening brief contends the city's hearing

examiner violated his right to due process when the administrative forfeiture hearing was

not made final. Br. of Appellant at 4. Rather than reject Mr. Shupe's appeal out of hand,

we will analyze it as claiming a due process violation by the hearing examiner.

We may grant relief from an agency order in an adjudicative proceeding for a

violation of due process under RCW 34.05.570(3)(c) where "[t]he agency has engaged in

unlawful procedure or decision-making process." *See Ga. Prof'l Standards Comm'n v.*

6

*Lee*, 333 Ga. App. 60, 775 S.E.2d 547, 551 (2015) (relying on authority to review an agency order for unlawful procedure to review claimed due process violation); *ACT-UP Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 483 S.E.2d 388, 393 (1997) (same); *In re Reichmann Land & Cattle, LLP*, 847 N.W.2d 42, 50 (Minn. Ct. App. 2014) (same), *aff'd*, 867 N.W.2d 502 (Minn. 2015). We review procedural errors de novo. *K.P. McNamara Nw., Inc., v. Dep't of Ecology*, 173 Wn. App. 104, 121, 292 P.3d 812 (2013) (citing *Stevens County v. Loon Lake Prop. Owners Ass'n*, 146 Wn. App. 124, 129, 187 P.3d 846 (2008)).

Due process is a flexible concept and should be applied based on the demands of the particular situation. *Morris v. Blaker*, 118 Wn.2d 133, 144, 821 P.2d 482 (1992). At its core, is a right to be meaningfully heard, but its minimum requirements depend on what is fair in a particular context. *In re Det. of Stout*, 159 Wn.2d 357, 370, 150 P.3d 86 (2007) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). To determine what due process requires in a particular context, we employ the *Mathews* test, which balances (1) the private interest affected; (2) the risk of erroneous deprivation of that interest through existing procedures and the probable value, if any, of additional procedural safeguards; and (3) the governmental interest, including costs and administrative burdens of additional procedures. *Mathews*, 424 U.S. at 335.

The *Mathews* factors do not support Mr. Shupe's contention that he was denied due process. Examining the first *Mathew* factor, an individual subject to a civil forfeiture

7

proceeding ordinarily has a property interest at stake, but here the city presented evidence that all of Mr. Shupe's property had been returned or was available to him. While Mr. Shupe disputed the city's assertion, he presented no evidence as to what property remained to be returned. He was principally concerned with having the opportunity to establish his prevailing party status and recover attorney's fees. On the spectrum of private interests that can be affected in an adjudicative context, this one is relatively insignificant. This factor weighs negligibly in favor of Mr. Shupe.

As to the second *Mathews* factor, there is virtually no risk that a person's interest in property seized and subject to forfeiture will be erroneously deprived if he or she is given two opportunities to present a motion to finalize the record, supported by evidence and argument. In a trial context, "problems with a . . . record or portions of it are not rare, and alternative methods of reporting trial proceedings are constitutionally permissible 'if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions [arose].'" *State v. Burton*, 165 Wn. App. 866, 883, 269 P.3d 337 (2012) (internal quotation marks omitted) (quoting *State v. Jackson*, 87 Wn.2d 562, 565, 554 P.2d 1347 (1976). We can imagine a variety of relief Mr. Shupe could have sought, including an order compelling the city to attempt to procure its former attorney's and Lt. Mullenix's assistance in preparing findings and conclusions; presentation of Mr. Shupe's own proposed findings and conclusions (consistent with the lieutenant's e-mail decision) along with a request that they be

adopted by the hearing examiner; or, failing other relief, the request that the forfeiture hearing be conducted anew. Providing two opportunities for Mr. Shupe to seek and support such a request for relief was sufficient without need for other procedural safeguards. The second factor weighs strongly against Mr. Shupe.

Finally, addressing the third factor, there is a strong governmental interest in having parties comply with reasonable deadlines and in limiting repeated requests for extensions. That interest outweighs Mr. Shupe's interest in receiving a third timeline within which to clarify and provide evidence and argument in support of a request for relief. The third factor strongly weighs against Mr. Shupe.

Finding no violation of due process, we affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Pennell, J.