[No. 3122-5-III. Division Three. July 10, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD WOODARD, *Appellant.*

---

*John G. Burchard, Jr.,* for appellant (appointed counsel for appeal).

*Douglas S. Boole, Prosecuting Attorney,* and *Thomas Benner, Deputy,* for respondent.

McInturff, J.—The appellant, Harold Woodard, appeals from two convictions for assault—first-degree assault while armed with a deadly weapon and second-degree assault.

On July 7, 1978, Mr. Woodard became involved in a dispute with a group of men over a bottle of whiskey. When one of the men, Richard Pooler, approached him to retrieve the bottle, Mr. Woodard produced a sawed-off shotgun and later fired three shots in Mr. Pooler's direction as he fled down the street. Thereafter, Mr. Woodard pulled a knife on another member of the group, who then fled into a local tavern. Mr. Woodard justified his actions on the ground of self-defense, but the jury returned guilty verdicts on both counts of assault.

The dispositive issue concerns an indigent defendant's right to a transcript of an earlier mistrial of the same case.
*Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956), and its progeny guarantee an indigent defendant the same basic tools of an adequate defense or appeal as are available to nonindigents for a price. In keeping with this constitutional requirement of equal protection, the State must provide indigent defendants with proper transcripts of prior proceedings or ready access thereto, when such are needed for an effective defense.

*Britt v. North Carolina,* 404 U.S. 226, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971); *State v. Williams,* 84 Wn.2d 853, 856–57, 529 P.2d 1088 (1975); *State v. Mustain,* 21 Wn. App. 39, 43, 584 P.2d 405 (1978). *See also United States v. Young,* 472 F.2d 628 (6th Cir. 1972); *United States ex rel. Wilson v. McMann,* 408 F.2d 896 (2d Cir. 1969).

Here, defense counsel's request for the transcript was based upon its value as a tool for impeachment of prosecution witnesses—a use recognized by the court in *Britt v. North Carolina, supra.*[1] The suggestion by the trial court that defense counsel consult with the court reporter has been rejected as "too little and too late." *United States ex rel. Wilson v. McMann, supra* at 897. Since the narrow exception in *Britt v. North Carolina, supra,* is not applicable to these facts, the court's refusal to grant Mr. Woodard's request for the transcript was error.[2]

The only remaining assignment of error with merit and likely to reoccur on retrial concerns the admissibility of testimony of a victim's reputation for violence as it relates to a defendant's claim of self–defense. At trial, Officer Hall testified that the victim, Richard Pooler, had a "poor" reputation for violence, but this testimony was stricken when it was learned he did not know Mr. Pooler's general reputation for violence in the community. Mr. Woodard argues that unlike evidence concerning a witness' reputation for truth and veracity, a victim's reputation for violence is not limited to the community setting.

As Mr. Woodard correctly contends, a victim's bad reputation for violence, known to the defendant, is admissible to show reason for apprehension and grounds for self–defense. *State v. Upton,* 16 Wn. App. 195, 201, 556 P.2d 239 (1976); *State v. Cloud,* 7 Wn. App. 211, 217, 498 P.2d 907 (1972). But, that method of proof is restricted to the

---

[1]The mistrial was declared after 3 days of trial and included the testimony of two witnesses for the prosecution.

[2]In *Britt v. North Carolina, supra* at 405, defense counsel *conceded* that he had available an informal alternative substantially equivalent to a transcript.

victim's reputation in the community in which he resides. *State v. Riggs*, 32 Wn.2d 281, 284, 201 P.2d 219 (1949); 5 R. Meisenholder, Wash. Prac. *Evidence* § 4, at 24 (1965); ER 405(a).[3]

Here, the court correctly excluded Officer Hall's testimony because it was based on his personal opinion and not on the victim's general reputation in the community.[4] As the comments to the new Rules of Evidence indicate, the Washington rule, consistent with prior law, does not permit proof of character in the form of an opinion. Comments to ER 405.

Judgment of the Superior Court is reversed; the case is remanded for proceedings consistent with this opinion.

GREEN, C.J., and ROE, J., concur.

---

[3]ER 405(a):

"In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation. On cross–examination, inquiry is allowable into relevant specific instances of conduct."

[4]Officer Hall testified as follows:
"Q. Are you familiar with the reputation of Richard Pooler for violence?
". . .
"Objection [by the Prosecution].
"A. Yes, I would say somewhat.
"Q. What is that reputation?
"A. I would say it probably would be poor."

On cross–examination, Officer Hall testified:
"Q. Mr. Hall, you state that you are familiar with the reputation of Mr. Pooler. Are you familiar with, or have you heard what that reputation is within the community?
"A. No, sir.
"Q. Are you basing this on a personal opinion as to your contacts with Mr. Pooler?
"A. Yes, sir, I am."

The court examined Officer Hall as follows:
"Let me ask you this. Do you know what the general reputation of Mr. Pooler is as far as violence is concerned in this community?
"A. I would have to say no, Your Honor."