213 P.3d 945 (2009)
CITY OF SEATTLE, Appellant/Cross-Respondent,
v.
Robert J. MAY, Respondent/Cross-Appellant.
No. 61027-9-I.
Court of Appeals of Washington, Division 1, Division One.
August 24, 2009.
*946 Rebecca C. Robertson, Seattle City Attorney's Office, Seattle, WA, for Petitioner.
Christine Anne Jackson, Attorney at Law, The Public Defender, Seattle, WA, for Respondent/Cross-Appellant.
GROSSE, J.
¶ 1 A permanent protection order is not invalid when it does not contain language showing a specific finding made by the issuing court satisfying the statutory requirement that for orders exceeding one year the court must affirmatively find that the respondent is "likely to resume acts of domestic violence" against his former spouse and child. Nothing in the statute requires such a finding appear on the order itself. Thus, the order in this case, in which the court found that an order of less than one year will be insufficient to prevent further acts of domestic violence, was not facially invalid and we reverse the RALJ court and reinstate Robert May's two convictions for violating the protection order.

FACTS
¶ 2 In May 2006, the City of Seattle charged Robert May, under Seattle Municipal Code (SMC) 12A.06.180, with two counts of violating a permanent domestic violence protection order issued pursuant to chapter 26.50 RCW. The order was issued during May's dissolution action in 1996 and limits May's contact with his former wife and his son. The order provides:
THIS ORDER FOR PROTECTION IS PERMANENT.
If the duration of this order exceeds one year, the court finds that an order of less than one year will be insufficient to prevent further acts of domestic violence.
¶ 3 At trial in municipal court, May argued that the order was not valid because it did not contain, on its face, the statutorily required finding that "the respondent is likely to resume acts of domestic violence against the petitioner [or family members] when the order expires."[1] The municipal court determined that the order was valid, finding there was nothing to suggest that the issuing court failed to make this statutory finding. At the time of this finding, the superior court file from May's dissolution action could not be located. The file was eventually located and the court revisited the issue of the validity of the order. The court again determined that the order was facially valid and that there is no requirement that the protection order contain the specific finding on which the issuing court based its determination to make the order permanent. Trial proceeded on stipulated facts and the court found May guilty as charged.
¶ 4 May appealed his conviction to the superior court, again raising the issue of the validity of the order. He also argued that he *947 was denied due process because he was given notice only that a violation of the order is a crime under state law and was not given notice that he could be prosecuted under the SMC for violating the order. The superior court reversed May's convictions, holding that the order was facially invalid because it did not contain the issuing court's finding, stated in the statutory language, on which the issuing court based its determination to make the order permanent. The superior court did not reach May's due process argument.
¶ 5 Both parties sought discretionary review in this court. A commissioner granted the City's motion and passed May's motion to this panel for determination.

ANALYSIS
¶ 6 Under RALJ 9.1, our inquiry is whether the court of limited jurisdiction committed an error of law and whether substantial evidence supports the factual findings.[2] Any unchallenged findings are verities on appeal.[3] Our review for errors of law is de novo.[4]
¶ 7 Generally, if a protection order restrains the respondent from contacting his or her minor children, the restraint must be for a fixed period not to exceed one year.[5] However, the statute grants the issuing court the authority under specified circumstances to enter a permanent order of protection:
[I]f the petitioner has petitioned for relief on his or her own behalf or on behalf of the petitioner's family or household members or minor children, and the court finds that the respondent is likely to resume acts of domestic violence against the petitioner or the petitioner's family or household members or minor children when the order expires, the court may either grant relief for a fixed period or enter a permanent order of protection.[[6]]
¶ 8 May argues that the order restraining him was not valid because it did not state, on its face and in the language of the foregoing statute, that the issuing court found that he was likely to resume acts of domestic violence against his former spouse and child. Instead, the order stated: "If the duration of this order exceeds one year, the court finds that an order of less than one year will be insufficient to prevent further acts of domestic violence." The RALJ court agreed with May, concluding that the protection order's language was lacking because it was "not the finding required by RCW 26.50.060(2)."
¶ 9 We disagree. There is nothing in chapter 26.50 RCW requiring that the issuing court's finding as to further acts of domestic violence appear on the face of the protection order. Certain information must, by statute, be included on an order of protection, such as notice of criminal penalties resulting from violation of the order.[7] No such similar requirement exists as to the court's finding on which it determines to make the protection order permanent.[8] Here, the municipal court properly concluded that the order did not have to contain the issuing court's finding on which it based its determination to make the protection order permanent.[9]
*948 ¶ 10 In his motion for discretionary review, May argues that he was denied due process because he was not informed that he could be prosecuted for violating the protection order under the SMC. We grant May's motion for discretionary review and hold that he was not denied due process.
¶ 11 The order provides in part:
WARNINGS TO THE RESPONDENT: Violation of the provisions of this order with actual notice of its terms is [a] criminal offense under chapter 26.50 RCW and RCW 10.31.100 and will subject a violator to arrest.[[10]]
¶ 12 RCW 26.50.110, both prior to and after the 2007 amendment, imposes criminal penalties for violations of domestic violence protection orders generally.[11] Its scope is therefore the same as the comparable provision of SMC 12A.06.180. The warnings to May in the order provided sufficient notice of the conduct for which he could be prosecuted under both state and local law.
¶ 13 The protection order was not facially invalid. There is no requirement that the order contain the issuing court's finding required by RCW 26.50.060(2) as a condition for making the order permanent. May was not denied due process with regard to the warnings contained in the order. We reverse the RALJ court and reinstate Robert May's two convictions for violating the protection order.
WE CONCUR: LAU, J., and SCHINDLER, C.J.
NOTES
[1] RCW 26.50.060(2).
[2] Kyle v. Williams, 139 Wash.App. 348, 353, 161 P.3d 1036 (2007).
[3] Kyle, 139 Wash.App. at 353, 161 P.3d 1036.
[4] City of Bellevue v. Jacke, 96 Wash.App. 209, 211, 978 P.2d 1116 (1999); RALJ 9.1.
[5] RCW 26.50.060(2).
[6] RCW 26.50.060(2).
[7] RCW 26.50.35(1)(c).
[8] See City of Seattle v. Edwards, 87 Wash.App. 305, 310, 941 P.2d 697 (1997) (RCW 26.50.060 authorizes the issuance of permanent orders and does not require any particular wording.), overruled on other grounds, State v. Miller, 156 Wash.2d 23, 123 P.3d 827 (2005); Spence v. Kaminski, 103 Wash.App. 325, 331, 12 P.3d 1030 (2000) (RCW 26.50.060(2) does not require any particular wording in the order; beyond requiring that the order specifies the types of relief provided, the statute requires only that the order specify the date it expires (if at all), the type and date of service of process used, and a notice of the criminal penalties resulting from violation of the order).
[9] May's challenge to the validity of the order is not an impermissible collateral attack. The validity of a protection order, as opposed to its existence, is not an element of the crime of violation of such order, but rather is a question of law appropriately within the province of the trial court to decide as part of the court's gatekeeping function. State v. Miller, 156 Wash.2d 23, 31, 123 P.3d 827 (2005). "[V]alidity" includes whether the order was facially adequate and complied with the underlying statutes. Miller, 156 Wash.2d at 31, 123 P.3d 827. Further, protection orders are presumptively valid. State v. Snapp, 119 Wash.App. 614, 625-26, 82 P.3d 252 (2004). Absent a timely, substantive challenge to the validity of an order, the State is not required to presume invalidity. Snapp, 119 Wash.App. at 625, 82 P.3d 252.
[10] (Alteration in original).
[11] State v. Bunker, 144 Wash.App. 407, 416, 183 P.3d 1086, review granted, 165 Wash.2d 1003, 198 P.3d 512 (2008).