# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF TACOMA, | No. 46314-8-II |
| Respondent, | |
| v. | |
| KENNETH DRISCOLL, | UNPUBLISHED OPINION |
| Petitioner. | |

WORSWICK, P.J. — On discretionary review, Kenneth Driscoll challenges the superior court's affirmance of his municipal court jury trial conviction for fourth degree assault—domestic violence. He argues that the municipal court violated his right to present a defense when it excluded his testimony about two prior incidents when the victim attacked him. We agree and reverse the conviction, and remand for a new trial.

## FACTS

On May 30, 2013, a witness saw Kenneth Driscoll repeatedly kneeing Lisa Miles in the face or head. Miles was lying prone on a bench in a bus shelter. Police officers responded to the scene and found Miles with injuries on her face. Driscoll told officers he had acted in self-defense. At the time, Driscoll had a no-contact order against Miles.

The City of Tacoma charged Driscoll with one count of fourth degree assault involving domestic violence. Driscoll asserted self-defense. In support of his defense, he offered evidence of three prior incidents where he alleged Miles had attacked him.

First, Driscoll submitted documents from a 2010 incident where Miles was charged with committing second degree assault against him. In that incident, police officers responded to a call in which Driscoll reported that Miles attempted to stab him with scissors. Second, Driscoll offered testimony regarding an incident where Miles threatened him with a meat cleaver in 2009. Third, Driscoll asserted that Miles threw a rock at him in late 2009 or early 2010. Driscoll did not provide documents or other evidence to corroborate the incidents involving the meat cleaver and rock.

The City sought to exclude all three of these incidents as being unsubstantiated and too remote in time, and because Miles would not be present to testify. The trial court considered the documents and Driscoll's offers of proof, then excluded the two incidents involving the meat cleaver and the rock. The court ruled that these latter two incidents were unsubstantiated and uncorroborated, and, therefore, the court concluded that they were irrelevant. But the trial court permitted Driscoll to testify about the 2010 stabbing incident because official documents corroborated it.

The trial court entered formal findings of fact and conclusions of law concerning the exclusion of the evidence. It found that Driscoll provided no corroborating information of the meat cleaver and rock incidents. Then, in conclusion of law 4, the trial court determined that the

> defendant's offered testimony was not relevant under Evidence Rule 401 with respect to two incidents concerning the meat cleaver and the rock throwing incidents. The evidence of both incidents provided by defense did not have a tendency to make existence of fact or consequence more or less probable than without the evidence.

Clerk's Papers (CP) at 324. In conclusion of law 5, the trial court wrote:

> Additionally [the two incidents are] excluded under Evidence Rule 402 which makes non-relevant evidence inadmissible. Accuracy and credibility of offered

> testimony by defendant regarding the two incidents have no corroboration. This was made more serious because of fact that victim wasn't available to testify at trial.

CP at 324.

The case proceeded to a jury trial. Driscoll testified that despite his no-contact order against Miles, she contacted him and joined him to ride the bus downtown. Driscoll testified that upon exiting the bus together, Miles "cold cocked [him] right on the side of [the] head" from behind without warning. CP at 222. Driscoll testified that Miles began "coming at [him] viciously" punching him. He testified that he began kneeing her in self-defense just when the witness saw them. Driscoll also testified that Miles had threatened to stab him with scissors in 2010. The jury found Driscoll guilty as charged.

Driscoll appealed to the superior court, alleging that the trial court violated his right to present a defense and that it erred by excluding the two incidents. The superior court affirmed the guilty finding. Driscoll sought, and we granted, discretionary review.

## ANALYSIS

Driscoll argues that the trial court denied his constitutional right to present a defense when it excluded his testimony about two incidents when Miles attacked him with a meat cleaver and a rock. We agree.

### I. STANDARD OF REVIEW

We review a municipal court's decision according to the standards in RALJ 9.1. *City of Seattle v. May*, 151 Wn. App. 694, 697, 213 P.3d 945 (2009), *aff'd*, 171 Wn.2d 847, 256 P.3d 1161 (2011). We review the record before the trial court, reviewing legal conclusions de novo. *May*, 151 Wn. App. at 697; *City of Bellevue v. Jacke*, 96 Wn. App. 209, 211, 978 P.2d 1116

(1999). Where, as here, neither party challenges the trial court's factual findings, those findings are verities on appeal. *State v. McLean*, 178 Wn. App. 236, 243, 313 P.3d 1181 (2013). We review the trial court's conclusions of law de novo to determine whether the district court properly derived them from its factual findings. *McLean*, 178 Wn. App. at 243.

We review a trial court's decision to exclude or admit evidence for an abuse of discretion. *State v. Lord*, 161 Wn.2d 276, 294, 165 P.3d 1251 (2007). A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons. *Lord*, 161 Wn.2d at 283-84. An abuse of discretion is found when the trial court adopts a view that no reasonable person would take. *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001). We may uphold a trial court's evidentiary ruling on any grounds the record supports. *State v. Williams*, 137 Wn. App. 736, 743, 154 P.3d 322 (2007). A trial court abuses its discretion by misapplying evidentiary rules. *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009).

II. ADMISSIBILITY OF EVIDENCE

A. *Evidence Was Relevant and Admissible*

Driscoll challenges conclusions of law 4 and 5, in which the trial court concluded that the proffered evidence was irrelevant. We agree that the trial court abused its discretion in reaching these conclusions of law because these conclusions misapply the rules of evidence.

"Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Only relevant evidence is admissible at trial. ER 402.

A defense of self-defense requires proof (1) that the defendant had a subjective fear of imminent danger of bodily harm, (2) that this belief was objectively reasonable, and (3) that the defendant exercised no more force than was reasonably necessary. *State v. Werner*, 170 Wn.2d 333, 337, 241 P.3d 410 (2010). Evidence of a victim's prior acts of violence known to the defendant is relevant to a claim of self-defense because it can show the state of mind of the defendant and can show whether, at that time, the defendant had reason to fear bodily harm. *See State v. Cloud*, 7 Wn. App. 211, 218, 498 P.2d 907 (1972).

Driscoll contends that conclusion of law 4, ruling that the offered evidence was irrelevant under ER 401, is erroneous because the two incidents were relevant. We agree.

The trial court found that Driscoll thought that his testimony regarding the meat cleaver and rock incidents was "necessary to establish [his] state of mind as he acted in self-defense." CP at 323. The fact that Miles previously attacked Driscoll on two occasions has some tendency to make the fact that he subjectively feared her more likely. ER 401; *see State v. Woodard*, 26 Wn. App. 735, 737, 617 P.2d 1039 (1980); *Cloud*, 7 Wn. App. at 218. Thus, the evidence was relevant. The trial court's conclusion that it was irrelevant was an abuse of discretion.

Driscoll also contends that conclusion of law 5, ruling that the evidence was inadmissible under ER 402, is erroneous because it incorrectly concludes that the "'accuracy and credibility'" of proffered testimony goes to its relevance. Br. of Appellant at 15 (quoting CP at 324). Again, we agree.

As stated above, relevance requires merely that the evidence have some tendency to make some fact of consequence more or less likely. ER 401. Whether the evidence was corroborated goes to the weight of the evidence, not its admissibility. "A defendant's testimony alone is

sufficient to raise the issue of self-defense." *State v. Adams*, 31 Wn. App. 393, 396, 641 P.2d 1207 (1982). The relevance of this evidence is not dependent on the presence of the person about whom evidence is offered; thus, the trial court erred by concluding that Driscoll's testimony was irrelevant because the victim was not available to testify. Because both incidents were relevant, the trial court erred by concluding that they were not.

B.      *ERs 404 and 405*

The City argues that we should affirm the trial court's decision because ERs 404 and 405, governing the admissibility of character evidence and specific acts of a victim, provide a valid basis for the court's decision. We disagree.[1]

ERs 404 and 405 govern character evidence. ER 404(b) generally prohibits evidence of a person's other crimes, wrongs, or acts to prove a person's character to show that the person acted in conformity therewith. However, ER 404(b) provides that prior acts may be admitted for purposes other than to prove a person's character. Where a party seeks to admit prior acts evidence under ER 404 for a permissible purpose, a trial court "'must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.'" *State v. Foxhoven*, 161 Wn.2d 168, 175, 163 P.3d 786 (2007) (quoting *State v. Thang*,

---

[1] The trial court explicitly ruled based only on ERs 401 and 402. However, we may uphold an evidentiary ruling on grounds the trial court did not use, so long as the record supports the other grounds. *Williams*, 137 Wn. App. at 743.

145 Wn.2d 630, 642, 41 P.3d 1159 (2002)). The trial court is required to conduct an ER 404(b) analysis on the record. *Foxhoven*, 161 Wn.2d at 175.

Here, Driscoll sought to testify about specific acts of Miles's conduct not to prove her character (i.e., that she acted in conformity with her prior acts), but instead to prove his state of mind. He sought to prove that, due to Miles's prior attacks on him, he had a reasonable belief that his use of force was necessary. *State v. Walker*, 13 Wn. App. 545, 549-50, 536 P.2d 657 (1975). This is a permissible purpose under ER 404(b).

The trial court did not engage in an ER 404 analysis on the record. The City appears to invite us to conduct this analysis ourselves, but the record before us will not support it. The trial court mistakenly excluded the evidence on relevance. Because of this error, the record was not developed regarding the *Foxhoven* factors. We decline to affirm the trial court on this alternative ground.

III.  RIGHT TO PRESENT A DEFENSE

Driscoll argues that the trial court violated his right to present a defense when it excluded the two incidents. We agree, and we hold that this error was not harmless.

A.      *Right To Present a Defense Was Violated*

Both the United States and Washington Constitutions guarantee the right to present testimony in one's defense. *State v. Hudlow*, 99 Wn.2d 1, 14-15, 659 P.2d 514 (1983). The right to present a defense is the right to present a *complete* defense. *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 297, 359 P.3d 919 (2015). If the defendant offers relevant and admissible evidence, the burden shifts to the City to demonstrate that "the evidence is so prejudicial as to disrupt the fairness of the fact-finding process at trial." *State v. Darden*, 145 Wn.2d 612, 622, 41

7

P.3d 1189 (2002). We review an alleged denial of the right to present a defense de novo. *State v. Jones*, 168 Wn.2d 713, 719, 230 P.3d 576 (2010).

In a trial involving a claim of self-defense, "the defendant's actions are to be judged against [his] own subjective impressions and not those which a detached jury might determine to be objectively reasonable." *State v. Wanrow*, 88 Wn.2d 221, 240, 559 P.2d 548 (1977). The jury must evaluate the claim of self-defense by considering "*all* the facts and circumstances known to the defendant." *Wanrow*, 88 Wn.2d at 234; *see also State v. Kelly*, 102 Wn.2d 188, 196, 196 n.2, 685 P.2d 564 (1984). The jury must essentially stand "'as nearly as practicable in the shoes of [the] defendant'" to be able to evaluate the reasonableness of the defendant's apprehension of danger. *Wanrow*, 88 Wn.2d at 235 (quoting *State v. Ellis*, 30 Wash. 369, 373, 70 P. 963 (1902)).

Here, because the proffered testimony was relevant and otherwise admissible, it could be constitutionally excluded only if the City demonstrated that it was "so prejudicial as to disrupt the fairness of the fact-finding process at trial." *Darden*, 145 Wn.2d at 622. The City has not presented any argument regarding the prejudicial nature of the evidence at issue; therefore, it cannot meet this burden. Thus, the City has failed to carry its burden to uphold the exclusion of this admissible evidence. *Darden*, 145 Wn.2d at 622.

The trial court's ruling barred Driscoll from presenting a complete self-defense claim. Driscoll was permitted to testify about only one out of three incidents of Miles's violence against him. Therefore, the jury was unable to consider *all* of the facts and circumstances known to Driscoll in considering his claim of self-defense. *Wanrow*, 88 Wn.2d at 234. Because the jury heard only about one prior instance informing Driscoll's reasonable fear of Miles, it could not

understand his complete state of mind regarding the danger he believed she posed. *See Wanrow*, 88 Wn.2d at 235. Because Driscoll was prevented from presenting evidence essential to proving his claim of self-defense, his Sixth Amendment right to present testimony in his defense was violated.

B.     *Error Not Harmless*

The City appears to argue that the exclusion of Driscoll's testimony was harmless. We disagree.

Error of a constitutional magnitude is harmless if we are convinced beyond a reasonable doubt that any reasonable jury would have reached the same result without the error. *Jones*, 168 Wn.2d at 724. We cannot say beyond a reasonable doubt that the jury would have rejected Driscoll's self-defense claim had he testified about the two excluded incidents. Had the trial court admitted his testimony, Driscoll would have testified to repeated attacks by Miles. Instead, Driscoll was permitted to testify about only one attack. The jury may have found his subjective fear of Miles more credible had it heard that Miles had attacked Driscoll several times with various weapons.

## IV. CONCLUSION

In conclusion, we hold that the trial court abused its discretion by excluding Driscoll's testimony because it was relevant and admissible for a permissible purpose. Because the City did not carry its burden of demonstrating that the evidence was so prejudicial as to disrupt the fairness of trial, we agree with Driscoll that his right to present a defense was violated. Accordingly, we reverse Driscoll's conviction and we remand for a new trial.

No. 46314-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J

We concur:

Lee, J.

Sutton, J.