[No. 72889-5. En Banc.]
Argued January 9, 2003. Decided January 16, 2003.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID E. GILES,
*Petitioner*.

*David L. Donnan* (of *Washington Appellate Project*), for
petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Kathryn Y. Kim, Deputy*, for respondent.

PER CURIAM — David Giles was convicted by jury of first degree child molestation and first degree rape of a child. He appealed to Division One of the Court of Appeals, and that appeal remains pending. The trial court initially entered an order of indigency allowing Giles to prosecute the appeal at public expense, but the court did not then authorize a transcript of the jury voir dire. *See* RAP 9.2(b).

Giles later gave notice of his intent to file a pro se supplemental brief, proposing to argue in it that his trial counsel was ineffective in failing to challenge several jurors who had clearly demonstrated bias. He therefore filed a motion for a "supplemental" order of indigency authorizing transcription of the jury voir dire at public expense. The trial court denied the motion and a panel of judges of the Court of Appeals denied Giles's motion for discretionary review. This court now grants discretionary review of the Court of Appeals order, and reverses the trial court's order denying transcription at public expense.

██ The State must provide indigent criminal defendants with means of presenting their contentions on appeal which are as good as those available to nonindigent defendants with similar contentions. *Draper v. Washington*, 372 U.S. 487, 496, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963). This includes a record of sufficient completeness to permit proper consideration of the defendant's claims. *Id.* at 499; *Mayer v. City of Chicago*, 404 U.S. 189, 194, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971). The Court of Appeals reasoned that Giles failed to establish a "colorable need" for a transcript of the jury voir dire because he did not allege any facts supporting his claim of juror bias, nor did he provide his own or any one else's affidavit indicating the identity of the jurors, the voir dire

questions, or the jurors' responses. But Giles need not make such a particularized factual showing. *Britt v. North Carolina*, 404 U.S. 226, 228, 92 S. Ct. 431, 30 L. Ed. 2d 400 (1971). It is sufficient if the "grounds of appeal" make out a "colorable need" for the requested transcript. *Mayer*, 404 U.S. at 195. To properly consider Giles's claim of ineffective assistance in the jury selection process, it is necessary to review the transcript of the voir dire. Giles is therefore entitled to that transcript at public expense.

The motion for discretionary review is granted and the matter is remanded to the superior court with directions to order transcription of the jury voir dire at public expense.