[No. 87357-7.   En Banc.]
Considered November 1, 2012.    Decided November 8, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. MERLE WILLIAM HARVEY, *Petitioner*.

920

*Merle William Harvey*, pro se.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey, Deputy*, for respondent.

¶1 PER CURIAM — Merle Harvey was convicted by a jury of first degree murder, second degree murder, and two counts of unlawful possession of a firearm. In the course of his appeal from his judgment and sentence, Harvey sought discretionary review of the trial court's refusal to order transcription of the jury voir dire at public expense. The Court of Appeals denied review. Harvey now seeks this court's discretionary review of the Court of Appeals order. We grant review and remand to the trial court.

¶2 With the assistance of appointed appellate counsel, Harvey timely appealed his convictions. Counsel did not raise the issue of whether the trial court erroneously closed the courtroom to the public during jury selection. Based in part on a sworn declaration from a relative that she had been turned away from the courtroom, Harvey wished to pursue that issue in a pro se statement of grounds for additional review. To enable him to argue that issue, he asked the trial court to order the transcription of jury voir dire at public expense. The trial court refused. Harvey then sought discretionary review in the Court of Appeals, but a commissioner denied review. Harvey moved to modify the commissioner's ruling. Meanwhile, even though he lacked the record, Harvey still argued the closure issue in his statement of additional grounds for review. While the motion to modify remained pending, the Court of Appeals

issued an opinion affirming Harvey's convictions, holding in part that Harvey's pro se argument that the trial court erroneously closed the courtroom was not supported by the record provided. One month later, the court denied Harvey's motion to modify the commissioner's ruling on the motion for discretionary review. Harvey then filed a motion for discretionary review in this court.

¶3 It is well established that "[t]he State must provide indigent criminal defendants with means of presenting their contentions on appeal which are as good as those available to nonindigent defendants with similar contentions." *State v. Giles*, 148 Wn.2d 449, 450, 60 P.3d 1208 (2003) (citing *Draper v. Washington*, 372 U.S. 487, 496, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963)). The record must be sufficiently complete to allow consideration of the defendant's claims. *Id.* (citing *Draper*, 372 U.S. at 499). The defendant need not make a particularized factual showing to be entitled to the record. *Id.* at 451 (citing *Britt v. North Carolina*, 404 U.S. 226, 228, 92 S. Ct. 431, 30 L. Ed. 2d 400 (1971)). Rather, "[i]t is sufficient if the 'grounds of appeal' make out a 'colorable need' for the requested transcript." *Id.* (quoting *Mayer v. City of Chicago*, 404 U.S. 189, 195, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971)).

¶4 Harvey contends that the trial court erred by closing the courtroom during jury selection. Without a transcript of voir dire, the reviewing court cannot properly consider this claim. *Id.* The trial court thus erroneously refused to order that portion of the record transcribed at public expense.[1] In denying Harvey's request for transcripts of voir dire, the trial court informed Harvey he should contact his appellate counsel, citing RAP 10.10(e). That rule directs appellate counsel to "promptly serve a copy of the verbatim report of proceedings on the defendant/

---

[1] Harvey appears to be seeking the clerk's papers and the entire trial court record. But he makes no effort to show a "colorable need" for anything but the transcript of voir dire, and as such, he is not entitled to production of anything else at public expense at this time. *Giles*, 148 Wn.2d at 451.

appellant" upon request. *Id*. But RAP 10.10(e) contemplates that counsel will provide a copy of the records counsel possesses, and here trial counsel did not seek to have voir dire transcribed, which occurs only upon the order of the trial court. RAP 9.2(b). In denying Harvey's motion for discretionary review, the Court of Appeals commissioner reasoned that the trial court properly refused to order voir dire transcribed because Harvey did not make an adequate factual showing that voir dire had been closed to the public. But as indicated, Harvey need not make a particularized factual showing to be entitled to transcripts but need only demonstrate a colorable need. He has done so. He is therefore entitled to transcription of the jury voir dire at public expense.

¶5 We remand the matter to the superior court with directions to order transcription of the jury voir dire at public expense and transmit that record to the Court of Appeals. Once the Court of Appeals has the proper record, it will consider Harvey's argument and issue a decision.[2]

---

[2] Given that we have granted Harvey the relief he seeks, his earlier motion for assistance of counsel is denied.