IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 81418-4-I |
| Respondent, | |
| v. | DIVISION ONE |
| ROBERTO ALEXANDER CRUZ-YON, | PUBLISHED OPINION |
| Appellant. | |

SMITH, J. — At the behest of the Supreme Court, we address Roberto Cruz Yon's request for the appointment of an interpreter to assist him with filing a statement of additional grounds for review (SAG). Cruz Yon, who does not speak English, moved for an interpreter to translate his attorney's brief and the trial report of proceedings into Spanish and to translate his SAG from Spanish to English. We conclude that Cruz Yon has the right to have these materials translated. Therefore, upon motion by Cruz Yon, we will authorize these expenses, and we will determine the substantive issues raised in Cruz Yon's appeal following the filing of his SAG.

FACTS

On March 6, 2020, a jury convicted Cruz Yon of rape of a child in the second degree and one count of first degree child molestation. In April 2020, the trial court entered an order of indigency permitting Cruz Yon to appeal his conviction at public expense, and Cruz Yon did so.

Citations and pin cites are based on the Westlaw online version of the cited material.

On August 21, 2020, we sent a letter informing Cruz Yon of his right to submit a statement of additional grounds for review (SAG). We noted that the deadline for submission was 30 days. On October 7, 2020, we notified defense counsel that no SAG had been filed by the appellant and that we considered him to have waived his right to submit a SAG.

On October 21, 2020, Cruz Yon's counsel filed a motion to extend time to file a SAG. Cruz Yon's counsel explained that Cruz Yon was having difficulty contacting counsel due to Department of Corrections Covid-19 restrictions. Cruz Yon's counsel also informed the court that "Cruz Yon is fluent only in the Spanish language" and that, therefore, he could not read or understand his counsel's brief. The court administrator/clerk granted the motion, extending the due date to December 7, 2020 with "no further extensions."

On December 9, 2020, Cruz Yon moved for this court to appoint an interpreter under chapter 2.43 RCW to translate the opening brief and report of proceedings into Spanish and to then translate Cruz Yon's SAG into English. In a supporting declaration, Cruz Yon's counsel stated that Cruz Yon "speaks Spanish and does not read, write or understand the English language." He said that Cruz Yon "explicitly stated many times that he could not follow the [SAG] procedure and prepare a [SAG] unless he received Spanish translations of the opening brief and of the verbatim report of proceedings, and an English translation of the Spanish [SAG] he ultimately prepares."

On December 11, 2020, our court administrator/clerk denied Cruz Yon's motion for an interpreter "without prejudice to pursue appointment of an

2

interpreter through the Office of Public Defense." Cruz Yon moved to void the ruling and the clerk denied the motion on procedural grounds. Cruz Yon's counsel then moved to modify both of the rulings, contending that "the clerk has no authority to rule on a chapter 2.43 interpreter appointment." A panel of judges determined that the motions should be addressed simultaneously with Cruz Yon's direct appeal and referred the motions to this panel.

In the meantime, Cruz Yon filed a motion for discretionary review with the Washington Supreme Court. A court commissioner denied his motion, concluding that although the issue "touches on debatable issues of first impression concerning the appropriate means of seeking interpreter services in support of a direct appeal," the better use of judicial resources was for this court to decide the issue first. A department of the Supreme Court subsequently denied Cruz Yon's motion to modify the commissioner's ruling.

## ANALYSIS

Cruz Yon contends that he has a right to have the opening brief, report of proceedings, and SAG translated, and that this right is governed by chapter 2.43 RCW. We agree that Cruz Yon has this right but disagree as to the rules governing his request.

### Timeliness

As an initial matter, we note that Cruz Yon's request for an interpreter to assist in filing his SAG came after the SAG deadline. RAP 10.10(d). However, the RAPs must "be liberally interpreted to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a). Because there are no compelling

circumstances which preclude us from deciding Cruz Yon's motion on the merits, and given the important issues raised, we address the substance of Cruz Yon's request.

Right to an Interpreter/Translator

Cruz Yon asserts that he has a constitutional right to receive translated copies of his attorney's brief and the Report of Proceedings and to have his SAG translated to English. We agree.

In a criminal trial, the defendant has a constitutional right to an interpreter extending from the Sixth Amendment rights to confront witnesses and to be present at trial. State v. Gonzales-Morales, 138 Wn.2d 374, 379, 979 P.2d 826 (1999). Unlike the federal constitution, the Washington constitution also guarantees criminal defendants the right to an appeal. WA. CONST. art. 1, § 22; State v. Atteberry, 87 Wn.2d 556, 558 n.2, 554 P.2d 1053 (1976). "It is well established that '[t]he State must provide indigent criminal defendants with means of presenting their contentions on appeal which are as good as those available to nonindigent defendants with similar contentions,'" including represented defendants filing pro se SAGs. State v. Harvey, 175 Wn.2d 919, 921, 288 P.3d 1111 (2012) (alteration in original) (quoting State v. Giles, 148 Wn.2d 449, 450, 60 P.3d 1208 (2003)); see also State v. Thomas, 70 Wn. App. 296, 298-99, 852 P.2d 1130 (1993) (linking guarantee of an adequate defense for indigent defendants on appeal to Washington constitutional right to appeal). This right includes a record of sufficient completeness to allow the court to properly consider the defendant's claims. Harvey, 175 Wn.2d at 921-22.

In <u>Harvey</u>, an indigent defendant appealed his conviction through counsel, but also moved to have the jury voir dire transcribed at public expense to provide a complete record for his SAG. <u>Harvey</u>, 175 Wn.2d at 920. The Supreme Court held that the defendant was entitled to this transcription so that the arguments in his SAG could be properly considered. <u>Harvey</u>, 175 Wn.2d at 922.

We conclude that indigent non-English-speaking defendants must have a right to have certain documents translated in order to have a meaningful right to engage in their appeal and file a SAG. A defendant has the right to prepare a SAG to address issues that their counsel's brief did not adequately address, and they may request a copy of the report of proceedings to do so. RAP 10.10(a), (e). It follows that a non-English-speaking defendant requires the translation from English of their attorney's brief and the report of proceedings, as well as the translation to English of their SAG, to adequately inform the court of the issues that they wish to raise. The State must provide indigent defendants "with the basic tools of an adequate defense when those tools are available to others for a price," and the requested translations are such tools. <u>State v. Cirkovich</u>, 35 Wn. App. 134, 136, 665 P.2d 440 (1983). Therefore, Cruz Yon's request to translate his attorney's opening brief, the report of proceedings,[1] and his SAG must be granted.

---

[1] Here, in accordance with RAP 15.2(e), the trial court specified which reports of proceedings were reasonably necessary for review. The translated documents should not go beyond those specified by the trial court.

Procedure for Providing Interpreter/Translating Services

Because we have concluded that Cruz Yon has the right to have his request granted, we must determine the proper procedure for providing these translations. Cruz Yon contends that his request is governed by chapter 2.43 RCW, which provides for the appointment of a qualified interpreter when a non-English-speaking person is involved in a legal proceeding. RCW 2.43.030(1)(c). We disagree.

### 1. Statutory Provisions for Interpreters

Our "fundamental objective in construing a statute is to ascertain and carry out the legislature's intent." Arborwood Idaho, LLC v. City of Kennewick, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). "'The legislature is presumed to intend the plain meaning of its language.'" State v. Garcia, 179 Wn.2d 828, 836, 318 P.3d 266 (2014). "In determining the plain meaning of a provision, we look to the text of the statutory provision in question, as well as 'the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (quoting State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)).

In the context of translating materials for a SAG, which is at issue here, chapter 2.43 RCW does not appear to control. RCW 2.43.030 requires the appointment of an interpreter in a "legal proceeding," which is defined as "a proceeding in any court in this state, grand jury hearing, or hearing before an inquiry judge, or before an administrative board, commission, agency, or licensing body of the state or any political subdivision thereof."

RCW 2.43.020(3). As relevant here, a "proceeding" could mean "[a]ny procedural means for seeking redress from a tribunal or agency," which would include the filing of a SAG, or "[t]he business conducted by a court or other official body; a hearing," which would likely exclude a written appeal to a court. BLACK'S LAW DICTIONARY 1457 (11th ed. 2019). In looking to related provisions of this chapter, it appears that the latter meaning is intended. Significantly, RCW 2.43.020(5) provides that a "qualified interpreter" must be able to translate oral or written statements of a non-English-speaking person "into spoken English," but not written English. These provisions fail to address Cruz Yon's needs, which include the translation of his SAG from Spanish to written English.

Furthermore, our Supreme Court has held, in appeals from the Board of Industrial Insurance Appeals, that RCW 2.43.030's provision of the right to an interpreter "is limited to the hearing itself and does not extend to any hearing preparation." Kustura v. Dep't of Labor & Indus., 169 Wn.2d 81, 93-94, 233 P.3d 853 (2010).[2] Correspondingly, the right to an interpreter under RCW 2.43.030 may extend to oral argument on appeal but does not extend to the preparation of briefs and SAGs.

---

[2] Cruz Yon contends that Kustura's holding is limited to Board of Industrial Insurance Appeals cases and notes that the court was applying regulations specific to these cases that specified interpreters should be appointed "in a hearing." However, the court also specifically noted that "[n]othing in chapter 2.43 RCW . . . requires paid interpreter services outside of the actual board hearing." Kustura, 169 Wn.2d at 93.

Therefore, we conclude that the provisions for appointing interpreters under chapter 2.43 RCW do not apply to defendants' translation needs for the filing of a SAG.

2. Rules of Appellate Procedure

Because the statutory provisions for interpreters do not apply, we look to the rules of appellate procedure for guidance.

RAP 15.4(a) provides that:

The expenses for an indigent party which are necessarily incident to review by an appellate court will be paid from public funds only if:
(1) An order of indigency is included in the record on review; and
(2) An order properly authorizes the expense claimed; and
(3) The claim is made by filing an invoice in the form and manner provided by this rule and procedures established by the Office of Public Defense.

When a defendant appeals his conviction at public expense, the trial court enters an order of indigency which "designate[s] the extent to which public funds are to be used for the record on review, 'limited to those parts of the record reasonably necessary to review issues argued in good faith.'" State v. Thomas, 70 Wn. App. 296, 298, 852 P.2d 1130 (1993) (quoting RAP 15.2(e)). RAP 10.10(e) provides that, when a defendant requests the report of proceedings for purposes of preparing a SAG, "[t]he cost for producing and mailing the verbatim report of proceedings for an indigent defendant will be reimbursed to counsel from the Office of Public Defense in accordance with Title 15 of these rules." RAP 15.5(a) provides that "[t]he director of the Office of Public Defense determines all claims for expense" for an indigent party.

8

We conclude that the translation of those documents necessary to file a SAG is an expense that is necessarily incident to review for a non-English-speaking defendant, and that it should therefore be authorized in an order under RAP 15.4(a)(2). Under these provisions, the trial court ordinarily has the responsibility to enter an order authorizing the expense, and the Office of Public Defense has the responsibility to pay for the translation.[3] However, in this case, Cruz Yon's counsel should file his motion for an order authorizing the expenses with this court. RAP 8.3; RAP 7.2(a), (g).

We conclude that Cruz Yon has the right to have his attorney's brief, the trial report of proceedings, and his written SAG translated. Upon motion by Cruz Yon, we will authorize these expenses, and we will determine the substantive issues raised in Cruz Yon's appeal following the filing of his SAG.

_____

WE CONCUR:

_____     _____

---

[3] The procedures for submitting an invoice for transcription services under RAP 15.4(d) should be followed for translation services as well. See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2426 (2002) (final definition of "transcribe" is "translate").